La Sucesión de Agustina Esbri Viuda de Ricci, compuesta de su hijo legítimo Virgilio Ricci Esbri, demandante y apelada, *v.* Rafael María Ortega Esbri, demandado y apelante.

No. 3697.—*Visto:* Febrero 12, 1926. *Resuelto:* Marzo 4, 1926.

1. Apelación y Error—Señalamiento de Errores—Omisión de Hacer o Presentar un Señalamiento de Error—Efecto que Produce.—Cuando apelada' sentencia que envuelve la apreciación de las pruebas no se presenta señalamiento de errores relativo a las varias reclamaciones, o para señalar el sitio en los autos en que la prueba ha de encontrarse, procede, o desestimar el recurso o confirmar la sentencia sin hacer un análisis minucioso de la prueba.

2. Letras y Pagarés (*Bills and Notes*)—Acciones—Cantidad que se Tiene Derecho a Recobrar—Intereses en Obligación que los Devenga Desde su Fecha—Efecto de Pagos Hechos a Cuenta de la Obligación.—Suscrito un pagaré con intereses desde su fecha, y habiéndose hecho pagos a cuenta del mismo, a falta de liquidación o cuentas rendidas entre las partes, el dueño de aquél tiene derecho a intereses desde su fecha, y el obligado a descuentos del principal e intereses vencidos desde la fecha en que dichos pagos se hacen o surgen los créditos.

Sentencia de *Rafael Díaz Cintrón,* J. (Ponce), condenando al demandado a pagar cantidad menor que la reclamada en la demanda, sin costas. *Confirmada.*

*Arturo Ortiz Toro,* abogado del apelante; *López de Tord & Zayas Pizarro,* abogados de la apelada.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

El demandado y apelante admite que él otorgó un pagaré por la suma de $500 con intereses a razón del 10 por ciento anual a partir del día primero de noviembre de 1922. Al ser demandado por esta obligación alegó haber pagado ciertas cantidades con las cuales trató de extinguir la reclamación. La corte dictó sentencia contra él por la suma de $241 con intereses sobre la misma a razón del 10 por ciento a partir de la fecha de la interposición de la demanda.

[1] El apelante alega tres errores en serie pero no hizo un señalamiento de error. El primero y segundo de los errores alegados se refieren a la apreciación de la prueba. Al discutirlos el apelante no hace ninguna referencia a las

páginas de los autos en las cuales ha de encontrarse la prueba. Bajo estas circunstancias basta decir que de los alegatos aparece concluyentemente que la corte estuvo justificada, ya en la resolución sobre el conflicto de las declaraciones, o al no dar entero crédito a la manifestación del demandado respecto a los varios gastos de entierro, o a la reclamación por hospedaje de la difunta dueña del pagaré. Cuando una parte apela de una sentencia que envuelve la apreciación de la prueba y no presenta un señalamiento de errores relativo a las varias reclamaciones, o para señalar las páginas de los autos en las cuales la prueba ha de encontrarse, de acuerdo con las reglas 42 y 43 del Reglamento de esta corte estamos autorizados para desestimar la apelación o confirmar la sentencia sin hacer un análisis minucioso de la prueba.

[3] El tercer error alegado se refiere al pago de intereses. El apelante según parece creyó que la naturaleza de su reclamación convertía su obligación para con el demandante en una cuenta corriente y por tanto que los intereses sólo debían correr desde la fecha de la sentencia. Cuando, sin embargo, una persona suscribe un pagaré con intereses desde la fecha de la obligación, a falta de una liquidación especial, o cuentas rendidas entre las partes, el dueño del pagaré tiene derecho a reclamar tales intereses desde la fecha del pagaré y el demandado sólo tiene derecho a descuentos del principal e intereses vencidos desde la fecha en que los pagos se hacen, o surgen los créditos. La corte concedió al demandado más de lo que él tenía derecho a esperar al limitar el cobro a la fecha de la radicación de la demanda.

No encontramos que se haya cometido ningún error y *debe confirmarse la sentencia apelada.*